*1274 EDMONDSON, Circuit Judge,
concurring in the judgment:
I stand with Judge Carnes about the correct judgment in this appeal: AFFIRM the District Court’s judgment to deny habeas corpus relief to the state prisoner petitioner. I — very respectfully — do not join in Judge Carnes’s erudite opinion. I stress that it is not because the opinion says something that I am sure is wrong or I am sure is even likely wrong. I agree with much of the opinion, at least. But the opinion says a lot and says more than I think is absolutely needed.
In my experience, longish opinions always present a strong possibility of error lurking somewhere in the text. That the opinion writer is a skilled and careful judge does not eliminate the risk. Furthermore, no one wishes to join in an opinion that they do not understand fully. It is hard, time-consuming, painstaking work for the panel’s other judges to check long opinions, line by line, cited case by cited case. (Of course, always other cases are awaiting decision and also demand the judges’ time and attention.)[1] Moreover, long opinions, even if correct in every detail, generally make it harder for readers to separate a holding from dicta (or less than dicta: words only of explication and nothing more). The confusion of holding and dicta makes correctly deciding future cases more difficult, when judges are looking back for precedents.[2] Sometimes, the oddest bits are lifted out of opinions— especially the longer ones (often words as to some peripheral point) — and later quoted flatly as law: as if someone was quoting a statute. So, I feel more comfortable today just focusing briefly on my own view of a vital point.
Georgia’s Supreme Court decision is entitled to deference. In the context of the Georgia Supreme Court’s opinion, I do not recognize the phrase, “largely cumulative,” as really a “determination of fact” within the meaning of the AEDPA; I see the words as merely a part of an appellate court’s report on how its decision was thought through and reached. As such, the “largely cumulative” phrase, in itself, is insignificant to me, although the ultimate decision Georgia’s Supreme Court reached on prejudice is significant. For background, see Evans v. Sec’y, Dep’t of Corr., 681 F.3d 1241, 1272 n. 4 (Edmondson, J., dissenting) (vacated for rehearing en banc). Furthermore, I do not recognize anything done in Cooper v. Sec’y, Dep’t of Corr., 646 F.3d 1328 (11th Cir.2011), as holding something to the contrary to my view today or as controlling of this case. Unlike this case, Cooper is a case which significantly involved truly erroneous fact findings (arguably including the word “cumulative”) about a past event: the specific content of Defendant’s mother’s trial testimony — findings made by the state habeas court which were later approved by the state appellate court.
*1275 Given the fall record, I believe the deference we are commanded to give by the AEDPA to the decision of Georgia’s supreme court compels an affirmance today. By the way, the pertinent state court decision that is due our deference is this decision: that the full evidentiary record before the state supreme court did not show the prejudice required by Strickland. Objectively reasonable jurists might disagree about prejudice on this record;[3] but to me, a determination that Petitioner did not show the required prejudice is within the outside border of the range of reasonable.

. Longer opinions, simply by virtue of their length, burden the Bar whose members try to stay current with the Court’s thinking. Also, I worry that long opinions are generally less able to be fully understood by the public than are shorter opinions: some loss in transparency.

. For the sake of argument only, I assume today that the performance of Petitioner’s trial counsel fell short under the Strickland standard.